REGAN, Judge.
Plaintiff, City of New Orleans, instituted this suit endeavoring to enjoin the defendant, Francis T. Cantelli, the owner, from using property designated by the Municipal Nos. 1336-38 Lowerline and 7510 Willow Street, situated in a “B Two Family District” as a multiple dwelling or “rooming house” in contravention of the provisions of Ordinance No. 18,565 . C.C.S., otherwise designated for the purpose of brevity as the Comprehensive . Zoning Law and ordering him to correct unsanitary conditions existing therein in violation of Ordinance No. 16,308 C.C.S. ’
The defendant answered generally denying the essence of the petition and, in conclusion, asserted that by the continuous use as a “rooming house” prior to and after the adoption of the ordinance the property had acquired, by virtue thereof, a legal nonconforming status and that the unsanitary conditions formerly existing therein had now been corrected.
From a judgment in favor of' plaintiff “ordering the . *, * * defendant to vacate the premises * * * and to cease * * * from using the * * * premises until the health and zoning violations have been corrected,” the defendant prosecuted this appeal.
The record reveals these uncontroverted facts. Defendant is the owner of the property which, prior to the judgment rendered herein, was occupied and used as a multiple dwelling or “rooming house” and that the use thereof, as such, is prohibited by virtue *610 of an appropriate zoning ordinance adopted by the City of New Orleans. The ordinance presently encompassing the zoning laws of the City is No. 18,565 C.C.S., as amended, the effective date thereof being July 31, 1953, however, it contains a provision which would permit defendant to continue to use the property as a multiple dwelling or “rooming house” if the use thereof was considered lawful as of June 6, 1929, the effective date on which the Council of the City adopted Zoning Ordinance No. 11,302 C.C.S., the predecessor of the existing law. In other words, Ordinance No. 18,565 amended and reenacted No. 11,302 C.C.S. so as to perpetuate the applicability of its provisions to factual conditions existing prior to July 31; 1953, the effective date of the more recent zoning ordinance.
The Comprehensive Zoning Law of the City of New Orleans divides the metropolis into seventeen districts and enumerates the use to which the property may be subjected in these respective areas. The defendant’s property is located in a “B Two Family District”, where the operation of a multiple dwelling or “rooming house” is not'among the permissible uses thereof, however, Section XXIV of the Ordinance reads in part as follows:
“A non-conforming use of a building or portion thereof or land, which use existed lawfully at the time of adoption of this Ordinance and which use remains non-conforming under this Ordinance, * * * may be continued sjí „
It apears from the record and from oral argument of counsel that the violation of the health ordinance may have been eliminated due primarily to the reduction of the number of families residing in the property, however, we find it unnecessary to pass thereon and, therefore, the only question posed for our consideration is whether the record contains sufficient evidence reflecting that the property never acquired a legal non-conforming status so as to justify the issuance of a preliminary writ of injunction by the trial court.
It is conceded that the premises in question are used in violation of the applicable zoning ordinance of the City of New Orleans, however, the defense to the suit on this ground is that the non-conforming status of the property had existed long prior to the adoption of the ordinance and in support thereof defendant has introduced in evidence several affidavits which he contends clearly shows that the premises were used as a “rooming house” continuously and uninterruptedly from at least the year of 1916 until the present time.
Plaintiff, on the other hand, introduced into the record affidavits which leave an indelible impression that the property was not used as a “rooming house” or multiple dwelling until the year of 1933 or three or four years after the effective date of the ordinance [1] and that, therefore, the property never acquired a legal non-conforming status.
We have made á careful analysis of the record and we are of the opinion that an abundance of evidence is contained therein revealing that the property never acquired a legal non-conforming status and there now exists a glaring violation of the ordinance which unequivocally created a prima facie case in support of the issuance of the preliminary writ of injunction by the trial judge.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. June 6, 1929.